Dustin, English & Winslow, for the plaintiff.

Maxwell & Wilson, for defendant.

---

(Stark County Common Pleas.)

W. O. MYERS v. CHARLES RAYNOLDS.

---

Suit for damages for alienating wife's affection, and for debauching her—If the plaintiff knowingly, althought it may have been only passively, suffered, permitted or connived at the alleged improper advances, attentions and presents from the defendant to his wife, and at their alleged improper relations so far as the same is charged in the petition, the verdict must be for the defendant, notwithstanding the jury might be satisfied that the defendant by means of the conduct charged, had alienated the love and affection of the plaintiff's wife—Measure of damages—What to be considered —Punitive damages.

T. T. McCARTY, J

Gentlemen of the Jury:

This case of Wm. O. Myers against Charles Raynolds, is brought for the purpose of recovering from said Raynolds, damages for the alleged alienation of the affections of the wife of the plaintiff, and also for damages alleged to have grown out of the living and co-habiting together in a state of adultery in the city of Chicago by said Raynolds with the wife of the plaintiff.

The plaintiff sets forth his first cause of action in his amended petition in the following language: "That on or about the second day of April, 1868, he was married to one Charlotte M. Myers, and ever since said date said Charlotte M. Myers and this plaintiff have continued to be husband and wife; that prior to the injuries hereinafter complained of, said Charlotte M. Myers and the plaintiff lived happily together as husband and wife, and but for said injuries, would still continue to do so; that in said relation, prior to said injuries, the plaintiff had the affection, society and services of said Charlotte M. Myers, and but for said injuries would continue to do so; that for more than two years prior to the—— day of August, 1893, the defendant, for the purpose and in order to deprive the plaintiff of the affection, society and services of his said wife, at numerous times visited said wife, gave her presents, induced her to avoid the society of the plaintiff, and to continue in the society of the defendant, fondled, caressed and kissed said wife, obtained her affection and caused the plaintiff to lose the affection of his said wife."

That the plaintiff, for want of knowledge, cannot more fully state the dates and details of said transactions, but he alleges that the same were continuous and of the character aforesaid.

That said Charlotte M. Myers, from the time of said marriage up to the —— of August, 1893, resided with the plaintiff as his wife, and on said day the defendant, with the intention and purpose of depriving the plaintiff of the affection, society and services of said Charlotte M. Myers, persuaded, enticed and induced her to depart from the plaintiff and their home in Canton, Ohio, and without the consent of the plaintiff, and contrary to his desires, to go to the city of Chicago, in the state of Illinois, and to live with said defendant. That since said date Charlotte M. Myers, induced thereby, has remained away from the plaintiff and his home, and has continued to live in the city of Chicago, with the defendant, and still continues so to do; that during said time the defendant has supported and maintained said Charlotte M. Myers, has had her society, and services, and has excluded the paintiff therefrom, and still continues so to do; that by reason thereof the defendant wrongfully obtained the affection of said Charlotte M. Myers, and has caused the plaintiff to lose the same, and still continues so to do. That said

wrongful transactions were without the consent of the plaintiff; that the plaintiff has done nothing to cause said Charlotte M. Myers to leave her said home and himself, but has ever conducted himself toward her as a faithful husband; that by reason of the wrongful acts aforesaid, the plaintiff has been damaged by the defendant in the sum of ten thousand (10,000) dollars.

For his second cause of action, the plaintiff says that he adopts all of the allegations contained in his first cause of action and makes the same a part hereof as if repeated herein, and further says: That after enticing away the plaintiff's said wife, Charlotte M. Myers, as set forth in said first cause of action, and that ever since the said —— of August, 1893, the defendant and said Charlotte M. Myers, without the consent of the plaintiff, have been living and cohabiting together in a state of adultery in said city of Chicago, and still are so doing, with knowledge on the part of the defendant that said Charlotte M. Myers is and was the wife of the plaintiff; that thereby the plaintiff has been damaged by the defendant in the sum of ten thousand ($10,000) dollars.

Wherefore plaintiff claims judgment against the defendant for his damages so sustained, in the sum of twenty thousand ($20,000) dollars.

To this amended petition, the defendant has interposed his answer, which is as follows: And now comes the defendant Charles A. Raynolds, and for answer to the amended petition of the plaintiff filed herein, says he admits that said William O. Myers and Charlotte M. Myers were husband and wife, but he denies each and every other allegation contained in the cause of action set forth in said plaintiff's petition, and he prays to be hence dismissed with his costs.

These pleadings, the amended petition of the plaintiff, and the defendant's answer thereto, form the issues to be determined by you in this action. You will have these papers with you in your jury room, and can read them in detail. The issues are the matters in dispute.

What is set forth by the plaintiff in his petition, and admitted by the answer, you will take as true.

The answer admits that the plaintiff, William O. Myers and Charlotte M. Myers, were husband and wife.

You will observe that the plaintiff has stated two causes of action in his petition, which are in brief, first, that the defendant, by wrongful conduct on his part, obtained the affection of the plaintiff's wife and caused the plaintiff to lose her affections; that on the —— of August, 1893, the defendant enticed and induced her to depart from plaintiff's home in Canton, Ohio, and go to the city of Chicago, and live with him, the defendant, and that she has ever since and still continues to live with defendant in the city of Chicago.

The second cause of action states, in substance, that after enticing the plaintiff's wife to go with defendant to Chicago, that the said Charlotte M. Myers and the defendant have been, since the —— day of August, 1893, living together in a state of adultery in the city of Chicago.

This alleged alienation of the affections of Mrs. Myers from her husband in the first cause of action, and the adulterous relation alleged in the second cause of action, are denied in the answer.

The defendant, through his counsel, has admitted on the trial that he, the defendant, made many visits to the plaintiff's home; that he went with the plaintiff's wife and other members of his family on a number of trips up the lakes and to several cities.

To entitle the plaintiff to recover on the first cause of action, he must establish by a preponderance of evidence or the testimony the averments contained in his said first cause of action, viz., that by the wrongful conduct of the defendant, Charles Raynolds, he alienated the affections of the wife of the plaintiff from him, the plaintiff, and that before the —— of August, 1893, the defendant, for the purpose, and in order to deprive the plaintiff of the affections, society and services of his wife, visited the wife, gave her presents, induced her to avoid the society of the plaintiff, and to continue in the society of the defendant, and so conducted himself toward the plaintiff's wife as that he obtained her affection, and caused the plaintiff to lose the affection of his wife, and that on or about the —— day of August, 1893, with the intent and purpose of depriving the plaintiff of the affection, society and services of Mrs. Myers, induced her to depart from the plaintiff, without the consent of the plaintiff, and contrary to his desire, and go to the city of Chicago, in the State of Illinois, and there live with the defendant.

And to entitle the plaintiff to recover on his second cause of action stated in the petition, he must establish by a preponderance of the testimony that since the —— day of August, 1893, the defendant and Charlotte M. Myers, without the consent of the plaintiff, have been living and cohabiting together in a state of adultery in said city of Chicago, and are still so doing.

If the plaintiff has established the facts averred in his first or second cause of action, or both, he will be entitled to recover damages against the defendant in such sum as will make him whole for the loss he has sustained, not exceeding the amount stated in such cause of action, in the petition.

Testimony has been admitted tending to show the social and family relations existing between the plaintiff's family and the defendant, and tending to show that the defendant requested the privilege of calling the plaintiff's wife his "Sister," and that the plaintiff's children called him "Uncle," and tending to show that many trips were made and the plaintiff and plaintiff's family and the defendant went along, with the knowledge and consent of the plaintiff, and

also tending to show that on some occasions the plaintiff objected to defendant's fre quent visits at his house.

The plaintiff's first cause of action in his case is based upon the alleged loss of the affection of his wife by means of the improper conduct of the defendant which resulted in the alienation of the affections of the wife of said plaintiff, so that on or about August, 1893, said defendant persuaded, enticed and induced the wife of the plaintiff to depart from his home in Canton, O., and to go to the city of Chicago, to live with defendant, and that since said time said wife has remained away from the plaintiff, and he has thereby lost her love, affection and society, to his damage.

There is no charge in this cause of action that the defendant and the plaintiff's said wife were guilty of any sexual intercourse or any other impropriety of conduct, except as therein charged and you can give no damages to the plaintiff on account of any such supposed grievance, and can give no damages under his cause of action unless you find by the weight of the testimony that said defendant did thus alienate the affections of the plaintiff's wife, and thus improperly induce her to depart his home and live with the defendant in Chicago, and the burden of proof is upon the plaintiff to establish this proposition by the weight of the testimony.

It is claimed on the part of the defendant that the plaintiff's wife did not leave home because of any seduction or improper influence upon his part, but because of the failure of the plaintiff to properly care for his said wife, and that she left home and went to Chicago with the knowledge and acquiescence of the plaintiff to prosecute her business of art decorating in said city, and before you can find for the plaintiff, because of any supposed injury in the separation of his wife from him, you must find that such a separation was caused by the defendant, in the manner charged in the first cause of action; therefore, before you can render a verdict in favor of the plaintiff for any amount for the alienation of the affections of his wife, you must find that she separated from him on the ground of such alienation of her love and affection, and because of said improper conduct of the defendant. If you find that she separated from him for other causes, as claimed by the defendant, then there can be no recovery upon that ground in this action.

If you find from the testimony that the plaintiff's wife went to Chicago with the consent of her husband, and there entered into the business of art decorating with his acquiescence or consent, either directly or indirectly, then he could not recover any damages for such separation to which he has himself consented unless you shall find that the defendant and plaintiff's wife lived together in a state of adultery, as stated in the second cause of action.

It is a maxim of the law that that to which a man consents cannot be considered

an injury to him. If, therefore, you find that the plaintiff knowingly, although it may have been only passively done, suffered, permitted or connived at the alleged improper advances, attentions and presents from the defendant to his wife, and at their alleged improper relations so far as the same is charged in the petition, your verdict must be for the defendant, notwithstanding you might be satisfied that the defendant, by means of the conduct charged, had alienated the love and affection of the plaintiff's wife. The law will not tolerate a husband passively or actively conniving at his wife's conduct with another, and then aid him in recovering damages for that to which, by his conduct, he has consented. If the law would so permit, such men might seek to use their wives for the purpose of laying a foundation for damages, and to make money out of their alleged misconduct. Therefore, whatever you may find to have been the relations between the plaintiff's wife and the defendant, if you find that such relations were consented to, or knowingly permitted, suffered and connived at by the plaintiff, then he cannot recover in this action. This is wholly regardless of what you may find to be the actual facts as to the conduct of the plaintiff's wife and the defendant, for a verdict for the defendant upon this ground, would not necessarily determine that he was innocent of having alienated the love and the affection of the plaintiff's wife, but would be based upon the ground that public policy would not permit a husband to make money out of that to which he has consented, and to take advantage of his own misconduct. In this connection you may take into consideration the extent to which the plaintiff had knowledge of what took place between his wife and the defendant, what trips he accompanied them upon, and how often, if at all, he invited the defendant to his house. what presents he knew of his wife receiving from the defendant, how far he permitted and encouraged all these things, and other matters in testimony before you, and if you find that the plaintiff stood by and with knowledge thereof consented, acquiesced in and encouraged this conduct through the series of years, he cannot recover in this action, for having shown his own willingness that such conduct might take place, he is not in a position to complain on account thereof.

If, however, the plaintiff has, from the time of his marriage, until the separation of his wife from him, on the ground of the alienation of her love and affection from him, or on the ground of her infidelity—if such took place—lived a chaste virtuous life himself, and has in all essential respects treated her down to the time of the alienation of her love and affection from him, or down to the time of her infidelity, as an affectionate, kind and loving husband should treat his wife, and in determining how the facts are you may take into consideration the situation and circumstances in the life of the plaintiff and defendant, the family,

the surroundings, the home; and after considering the loss to the plaintiff of his wife's love, affection, companionship and society, give him such damages as you may think will compensate him for the loss and injury he has sustained. And in estimating the damages you must regard the character of the injury, the alienation of the love and affection of the wife, the debauchment of the wife, if such took place, and give the plaintiff damages—not only to compensate him for the loss of her love and society, but also for all that he may feel from the nature of the injury. The jury has also a right to give what is called exemplary or punitive damages—that is to say, they have a right to find for the plaintiff in such sum as would be deemed a punishment of the defendant for his conduct, and which would be an example, for the purpose of deterring others from being guilty of like conduct.

The jury, however, should never give damages so excessive as to strike mankind at first blush as being beyond all reasonable measure of such damages, or such as would manifestely show that they had been actuated by passion, partiality or prejudice.

You will remember that the first cause of action stated in the petition charges the alienation of the affections of the wife from the husband, and the defendant with having induced her to separate from her husband, and go and live with the defendant in the city of Chicago.

The second cause of action stated in the petition charges him with having lived and co-habited in a state of adultery with the plaintiff's wife since the —— day of August, 1893.

The injury, if injury was done to the husband as charged in the second cause of action, consists in the dishonor of his marriage bed, the loss of his wife's affection and the comfort of her society, and the loss of her aid and assistance in his domestic relations.

The actual injury and the extent of it depends very greatly on their prior relations, and in determining the amount of damages should you find that the plaintiff is entitled to damages, the relation of the plaintiff to his wife, whether they lived happily or otherwise, the circumstances of their domestic life as shown by the evidence, should all be considered by you.

Whether Myers and his wife lived happily together or not does not lessen the wrongful conduct of the defendant, but the effect of that wrongful conduct on the plaintiff, if such wrongful conduct took place, is to be considered by you in estimating the damages he is entitled to recover.

If the defendant broke up a happy home by alienating the affections of a tender, loving and affectionate wife from her husband, the effect on the husband was greater than though there was little or no conjugal affection between them. His compensation is to be measured by the loss he has sustained.

There is no fixed rule for determining the amount of damages to be allowed in cases of this kind. It is not like a commodity sold in the market that may be ascertained by actual measurement, or that could be weighed in a balance. It has to be determined under all the facts and circumstances by the judgment of the jury, and in determining that question you are to take into consideration the social relations of the parties, the apparent affection that existed between the husband and the wife before the time that the defendant is alleged to have begun his improper conduct, and the actual misconduct of the defendant who is alleged to be guilty of the wrongful conduct complained of. If you should find that the defendant did alienate the affections of Mrs. Myers from her husband, and induce her to leave her husband and home and go to Chicago, the plaintiff will be entitled to recover from the defendant such damages as he sustained by reason thereof.

If, on the other hand, the evidence fails to satisfy you by a preponderance of it, that the defendant did so alienate the affections of the plaintiff's wife from the plaintiff, the plaintiff will not be entitled to recover.

On the second cause of action stated in the petition, if by the preponderance of the evidence you are satisfied that since the —— day of August, 1893, the defendant and Mrs. Myers have been living together in the city of Chicago, in a state of adultery, the plaintiff will be entitled to recover from the defendant such damages as he has sustained thereby.

And in determining this question whether the defendant and Mrs. Myers have been living in a state of adultery in the city of Chicago, since August, 1893, you will take into account all of the testimony tending to show the familiarity between Mrs. Myers and the defendant, their several trips up the lakes, to the hotels, and whether they have been living in the same house in the city of Chicago, and determine from all of it whether their relations and conduct have been such as to satisfy you that they have been living in a state of adultery.

If you find that they were living in a state of adultery, as I have stated, the plaintiff will be entitled to recover from the defendant such damages as he has sustained by reason thereof, remembering at the same time what I have said on the subject of the plaintiff's consent, acquiescence and connivance at any wrongful conduct on her part.

If he did not consent, acquiesce or connive at any wrongful conduct in that regard on her part, he will be entitled to recover such damages as he has sustained thereby; but if the testimony fails to satisfy you that the defendant and Mrs. Myers did so live since that time, to-wit, the —— day of August, 1893, in a state of adultery, your verdict on that cause of action should be for the defendant.